

# The Attorney General of Texas

April 6, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Barry Read
Texas State Board of Examiners
of Psychologists
108 West 15th Street
Austin, Texas 78701

Opinion No. H-1151

Re: Whether the Board of Examiners of Psychologists may consider postdoctoral courses in determining whether an applicant has met the educational requirements for licensing.

Dear Mr. Read:

You have requested our opinion regarding whether the Board of Examiners of Psychologists may consider postdoctoral courses in determining the eligibility of an applicant to take the examination for certification as a psychologist. Section 11 of article 4512c, V.T.C.S., provides, in pertinent part:

> An applicant is qualified to take the examination for certification as a psychologist:
>
> (a) if he has received the doctoral degree based upon a program of studies whose content was primarily psychological from an accredited educational institution or its substantial equivalent in both subject matter and extent of training . . . .

Thus, an individual may qualify to take the certification examination in one of two ways: (1) by earning a doctoral degree in psychology from an accredited institution; or (2) by receiving the "substantial equivalent" thereof.

Since "substantial equivalent" is not defined in the statute, we believe that the Legislature intended to permit the Board to delineate its scope. The Board is empowered by section 8(a) to

> make all rules, not inconsistent with the Constitution
> and laws of this state, which are reasonably necessary
> for the proper performance of its duties and regula-
> tions of proceedings before it.

In our opinion, the Board is clearly authorized to determine by rule the meaning of "substantial equivalent," and to consider postdoctoral courses as fulfilling part of the requirement.

Attorney General Opinion M-785 (1971) is not to the contrary. In that opinion, this office held that, under section 15(b)(2) of article 4512c, the Board was not authorized to certify a person who had a masters' degree based on a program which was not primarily psychological, but who had passed additional courses in psychology. Unlike section 11, section 15(b)(2) does not permit any substitution for its requirement. It is our opinion, therefore, that the Board of Examiners of Psychologists may consider postdoctoral courses as one factor in determining the eligibility of an applicant to take the examination for certification as a psychologist.

## S U M M A R Y

The Board of Examiners of Psychologists may consider postdoctoral courses as one factor in determining the eligibility of an applicant to take the examination for certification as a psychologist.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst